# MERRIMACK,

## JANUARY TERM, A. D. 1849.

### ELA *v.* GOSS.

The refusal of a justice of the peace to receive a plea in abatement, seasonably offered, and the rendition of final judgment against the defendant, without regard to the plea, constitute such error or abuse, on the part of the inferior jurisdiction, as authorizes the interposition of the extraordinary powers of this court for its correction.

PETITION, to set aside a judgment of a justice of the peace. The petitioner had been impleaded at the suit of the defendant in an action of assumpsit, before a justice of the peace, and in the writ and summons had been described as of Allenstown, whereas his residence was, at the time the action was brought, in Concord. He appeared at the time named in the summons, and offered to file a plea in abatement, founded upon the misdescription; but the magistrate did not regard the same, and rendered judgment against the petitioner, under such special circumstances described in the petition, that no notice of the judgment came to the petitioner until it was too late to appeal. The petitioner has since brought his action against Goss, the plaintiff in the first action, who now sets up in off set the judgment so wrongfully obtained.

To the petition, setting forth the foregoing facts, there was a demurrer and a motion to dismiss the petition.

*Dana,* for the petitioner.

*Minot,* for the defendant.

GILCHRIST, C. J. The question presented here is simply whether the case made by the petition is one upon which the plaintiff is entitled to relief, or whether, at this stage, the defendant is entitled to have the same dismissed.

The power and jurisdiction of this court extend to the " general superintendence of all courts of inferior jurisdiction, for the prevention and correction of errors and abuses, where the laws have not expressly provided a remedy." Rev. Stat., ch. 171, sec. 4.

The present case is clearly one for which no remedy exists by any formal writ, and for which it may be said that no express remedy is provided by law; and we cannot say that it is not one of error and abuse, requiring the interposition of the extraordinary powers of this court for its remedy, and that, upon the exhibition of evidence of all the facts connected with the case stated, there may not appear some ground upon which the petitioner may be entitled to relief. The petition ought not, therefore, to be dismissed, but to stand till the coming in of such proofs as the parties may be advised to take.

*Motion to dismiss denied.*